## G. C. CLARK V. THE STATE.

No. 18549.   Delivered November 25, 1936.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to commit theft of property over the value of $50; the punishment, confinement in the penitentiary for two years.

It was alleged in the indictment that the conspiracy was entered into between appellant and W. D. Earnest. J. C. Wall testified that about the 25th of January, 1935, his barn was entered and approximately 29 sacks of cotton seed taken therefrom. Later the sheriff of Fisher County delivered to him 28 sacks of cotton seed which the witness identified as his property. The sheriff testified that he recovered the cotton seed

from the home of W. D. Earnest, Sr., the father of appellant's alleged coconspirator. Mrs. W. D. Earnest, Sr., testified that during the latter part of January, 1935, her son, W. D. Earnest, Jr., brought the cotton seed in question to her home. Appellant was not with him at the time. W. D. Earnest, Jr., Jerry Boiles, Eddie Boiles and Diamond Goode testified that they entered into a conspiracy with appellant to steal the cotton seed from J. C. Wall, and that thereafter they perpetrated the theft in the absence of appellant. W. D. Earnest, Jr., alone carried the stolen seed to his father's home. The accomplice witnesses also testified that they used appellant's truck to haul the seed from the scene of the theft. To corroborate said accomplice witnesses, the State relied alone upon the testimony of Mrs. W. D. Earnest, Sr., from which we quote:

"Some time in the latter part of January, W. D. Earnest, Jr., brought some cotton seed out to our home and stored them. Some time after that, only Mr. Clark and Jerry Boiles is all that came out there and got some of those seed. This defendant and Jerry Boiles were the only ones that did come out there, except Mr. Terry, is all. They were the only ones that got any seed. That is Mr. Terry, the sheriff of Fisher County. This defendant had some conversation with me when he come out there; I told him we were going to have to move. As to whose seed he said they were, he said he wanted to save these seed to feed his cows, if he could get any place for them. He got some of the seed at that time. He said he wanted to get a couple of sacks. I don't know whether he took two or not; I saw him take one, he and Jerry taken one. I saw him and Jerry take one sack, not one sack apiece. That is the same seed that W. D., my son, had brought out there."

Article 1622, P. C., defines a conspiracy as an agreement entered into between two or more persons to commit a felony. Article 1624, P. C., provides:

"Before a conviction can be had for the offense of conspiracy, it must appear that there was a positive agreement to commit a felony. It will not be sufficient that such an agreement was contemplated by the parties charged."

The accomplice witnesses alone testified to a positive agreement with appellant to steal Mr. Wall's cotton seed. Appellant did not testify, and nothing in the testimony of the witnesses he introduced tends to connect him with the substantive offense of conspiracy.

We are constrained to agree with the State's attorney before this court that the testimony of Mrs. Earnest is not suffi-

cient to meet the requirement of Art. 718, C. C. P., which we quote:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

Looking alone to the corroborating evidence, it does not, in our opinion, tend to show that appellant had entered into a positive agreement with W. D. Earnest to steal the cotton seed in question.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.